UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBEY HENDERSON,

    Plaintiff,                                Civil Action No. 05-CV-72322-DT
v.                                      HONORABLE LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT COURT

ST. LOUIS CORRECTIONAL
FACILITY (SEGREGATION OFFICIALS)

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  Introduction**

Before the Court is Plaintiff Jobey Henderson's civil rights complaint filed under 42 U.S.C. § 1983.  Plaintiff is a state inmate currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan.  Plaintiff's complaint has been reviewed and is now dismissed without prejudice for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**II.  Complaint**

Plaintiff's complaint alleges that he suffered from multiple deprivations of his constitutional rights while incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.

**III.  Discussion**

The complaint must be dismissed because plaintiff has failed to adequately plead or to prove that he exhausted his administrative remedies prior to filing his complaint.  42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that: "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

1

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he has exhausted all available state administrative remedies. *See Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). A prisoner who seeks monetary damages must complete the prison administrative process, even where that process may not offer the prisoner the specific remedy that he seeks. *See Booth v. Churner,* 532 U.S. 731, 734 (2001). Therefore, so long as a prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must first exhaust his prison administrative remedies. *Id.* The PLRA's exhaustion requirement applies to all prisoner lawsuits about prison life, whether they involve general circumstances or particular episodes, and regardless of whether the suit alleges excessive force or some other wrong. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Federal courts may enforce the exhaustion requirement *sua sponte. See Brown v. Toombs*, 139 F. 3d at 1104. A prisoner may not amend his § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *See Baxter v. Rose,* 305 F. 3d 486, 487 (6th Cir. 2002). Therefore, a prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his state administrative remedies as required by the PLRA. *See Brown,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir.

2000). In the absence of particularized averments concerning exhaustion which show the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e(a). *Id.*

The Michigan Department of Corrections (M.D.O.C.) has established a grievance system whereby prisoners may seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. *See* M.D.O.C. Policy Directive 03.02.130 (April 28, 2003).[1] Under the grievance system, the grievant must make a reasonable effort to resolve a dispute verbally within two business days of becoming aware of a grievable issue. *Id*. at R. If discussion does not resolve the dispute, the grievant may prepare a written grievance and submit it to the Step I grievance coordinator at the facility within five business days of discussing the issue with staff. *Id.* at R, X. If the grievant is dissatisfied with the Step I response or does not receive a timely response, he may appeal to Step II within five business days of receiving the Step I response, or if no response was received, within five business days after the date that the response was due. *Id.* at DD. If the grievant is dissatisfied with the Step II response or does not receive a timely response, he may appeal to Step III by sending a Step III grievance form to the Prisoner Affairs Section within ten business days of receiving the Step II response, or if no Step II response was received, within ten business days after the Step II response was due. *Id.* at HH.

A Michigan prisoner must pursue all three steps of the grievance procedure in order to properly exhaust his administrative remedies. *See Chamberlain v. Overton,* 326 F. Supp. 2d 811, 815 (E.D. Mich. 2004).

In the present case, although plaintiff alleges in a conclusory fashion that he filed grievances

---

[1] The following issues are not grievable: (1) decisions made by hearings officers of the Office of Policy and Hearings and decisions made in minor misconduct hearings; (2) decisions made by the Parole Board, and (3) issues that are not within the authority of the Department to resolve. *Id.* at F.

in this case, plaintiff has failed to attach any documentation to his complaint to show that he exhausted his claims, nor do the allegations in the complaint provide this Court with the particularized averments necessary for the Court to determine if plaintiff's claims have been exhausted. Thus, plaintiff's complaint should be dismissed. *See Knuckles-El v. Toombs*, 215 F. 3d at 642. In particular, plaintiff's complaint is subject to dismissal because he has failed to describe with specificity the outcome of any of these grievances. *See Boyd v. Corrections Corp. Of America,* 380 F. 3d 989, 997 (6th Cir. 2004); *cert. den. sub. nom. Allen v. Corrections Corp. Of America,* 125 S. Ct. 1639 (2005). Petitioner's complaint is also subject to dismissal because he does not allege that he pursued his grievances to the highest level of administrative review. *See Post v. Taft,* 97 Fed. Appx. 562, 563-64 (6th Cir. 2004). Because plaintiff failed to allege or present evidence that he had fully exhausted his grievances by appealing them through the M.D.O.C.'s three step administrative review process, plaintiff has failed to show that he exhausted his administrative remedies with respect to these claims. *See Williams v. Johnson,* 20 Fed. Appx. 365, 367 (6th Cir. 2001).

Finally, plaintiff claims in his complaint that he fears for his safety and is filing this complaint in case he is murdered in prison. Assuming that a prisoner's fear of retaliation might excuse the exhaustion requirement, petitioner has alleged no facts in support of his conclusion that he fears for his safety. Because a prisoner must "describe with specificity the administrative proceeding and its outcome," a prisoner who contends that he failed to exhaust his claims out of fear should also have to "describe with specificity" the factual basis for his fear. *Boyd v. Corrections Corp. Of America,* 380 F. 3d at 997-98. Because plaintiff has failed to describe with specificity the factual basis for his fear, he is not exempt from the exhaustion requirement.

Summary dismissal is proper, because plaintiff has alleged only in a conclusory fashion,

without sufficient documentary support, that he has exhausted his administrative remedies. *See Ziegler v. Michigan,* 59 Fed. Appx. 622, 624 (6th Cir. 2003).

### IV.   ORDER

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES**, pursuant to 42 U.S.C. § 1997e(a).

                                           s/Lawrence P. Zatkoff
                                           LAWRENCE P. ZATKOFF
                                           UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 4, 2005.

                                           s/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290